IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANNYEL FERRER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-00329-E |
| | § | |
| UNITED STATES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' United States of America's Motion to Dismiss, which seeks to dismiss Plaintiff Dannyel Ferrer's negligence and negligence per se claims against the United States for alleged personal injuries sustained in a car accident involving a federal employee of the U.S. Postal Service (USPS). (ECF No. 8). The government seeks dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction. To date, Plaintiff has filed no opposition or response. For the reasons enumerated below, the Court **GRANTS** the government's Motion.

### I.   BACKGROUND

This is a dispute involving a motor vehicle accident. On January 17, 2024, Ferrer initiated this action in state court alleging he was injured in a two-car accident involving a vehicle driven by a USPS employee named Arthur A. Foster in the scope of his federal employment. (ECF No. 8 at 3). Ferrer asserted two claims in his state court petition against the government: (i) negligence, and (ii) negligence pro se. (ECF No. 1-6 at 4-7). Ferrer sought damages in excess of one million dollars under the Federal Tort Claims Act (FTCA) in connection with his claims. (ECF No. 1-6 at 8-9).

On February 12, 2024, the government timely removed this case to the Court. (ECF No. 1). Ferrer proceeds on his state court petition and the claims of: (1) negligence, and (2) negligence per se.

On February 13, 2024, the government moved to dismiss all of Ferrer's claims in its first Motion to Dismiss. (ECF No. 7). On February 15, 2024, the government filed its Amended Motion to Dismiss, to satisfy local procedural rules, and requested the Court to dismiss Ferrer's claims pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 8 at 1). Ferrer has not filed any response. The government's motion to dismiss is ripe for consideration.

## II.   LEGAL STANDARD

A district court properly dismisses a claim for lack of subject-matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) if the court "lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liabl. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 191 (5th Cir. 2001). A court may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

## III.   ANALYSIS

### A.   Claim Abandonment

Northern District of Texas Local Civil Rule 7.1(e) instructs that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." N.D. Tex. Loc. Civ. R. 7.1(e). A party who fails to pursue a claim beyond its initial pleading may waive or abandon

the claim. *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff] further failed to defend her retaliatory abandonment claim in both responses to the defendant's motion to dismiss."). Thus, a party's failure to defend a claim in her response to a motion to dismiss constitutes abandonment. *See Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (concluding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment) (citing *Black*, 461 F.3d at 588 n.1); *see, e.g., Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001) (discussing abandonment of theories of recovery and defenses when such theories were not presented to the trial court).

Here, Ferrer failed to respond to the government's motion to dismiss; more than 21 days has passed since the date the government filed its motion to dismiss. *See* N.D. Tex. Loc. Civ. R. 7.1(e). Because Ferrer wholly failed to respond to the government's challenge to subject-matter jurisdiction on all his claims, the Court concludes Ferrer has abandoned all his claims. *See Black*, 461 F.3d at 588 n.1; *Matter of Dallas Roadster, Ltd.*, 846 F.3d at 126; *Vela*, 276 F.3d at 678-79.[1] Therefore, the Court GRANTS the government's Motion to Dismiss.

## B.     Lack of Subject-Matter Jurisdiction

Notwithstanding Ferrer's abandonment discussed above, the government argues that Ferrer lacks subject matter jurisdiction because the FTCA exclusively authorizes suits in federal court, and the doctrine of derivative jurisdiction mandates dismissal of FTCA cases initially filed in state court. (ECF No. 8 at 2). The government may only be sued to the extent it has waived sovereign

---

[1] *See also, e.g., JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court.") (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)) (citations omitted); *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (citations omitted); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

immunity. *Davis v. United States*, 961 F.2d 53, 56 (5th Cir. 1991). "In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity." *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 2007); *see Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) ("Plaintiff[s] bear [ ] the burden of showing Congress's unequivocal waiver of sovereign immunity.") (internal quotation and citation omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text ... and will not be implied." *Lewis*, 492 F.3d at 570 (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lewis*, 492 F.3d at 570 (quoting *Lane*, 518 U.S. at 192). "A statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text." *Lane*, 518 U.S. at 192. "Absent a waiver of sovereign immunity, the federal government is immune from suit." *Lewis*, 492 F.3d at 571 (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)).

The FTCA is the sole waiver of the government's sovereign immunity for tort claims, and federal courts have exclusive jurisdiction over such claims. 28 U.S.C. §§ 1346(b)(1), 2679(b); *see Lopez v. Sentrillon Corp.*, 749 F.3d 347, 351 (5th Cir. 2014); *Willoughby v. United States ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (the FTCA is the exclusive remedy for suits against the United States or its agencies sounding in tort). Under the doctrine of derivative jurisdiction, "when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *See Lopez*, 749 F.3d at 350 (5th Cir. 2014) (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)). "If the state court did not have jurisdiction to hear the case, the federal court does not acquire jurisdiction—even if the federal court would have had jurisdiction, if the suit were originally brought in federal court." *Lopez*, 749

F.3d at 350. Though Congress abrogated the derivative jurisdiction doctrine regarding removals under 28 U.S.C. § 1441, the Fifth Circuit concluded the derivative jurisdiction doctrine still applies where a defendant removes under Section 1442. *Lopez*, 749 F.3d at 352.

Here, all of Ferrer's claims in his state court petition are "pursuant to the Federal Tort Claims Act, 27 U.S.C. 2671 et seq. and 28 U.S.C. 1346(b)." (ECF No. 1-6 at 2). Federal courts have exclusive jurisdiction over claims based on the FTCA. *Lopez*, 749 F.3d at 350. Therefore, the state court lacked subject-matter jurisdiction over Ferrer's FTCA claims. *Lopez*, 749 F.3d at 350. "[W]here these [FTCA] claims are filed first in a [. . .] court that lacks jurisdiction to adjudicate such claims[], the federal court to which the case is removed likewise lacks jurisdiction." *See Walker v. Criminal Investigation Unit/Dallas Field Office IRS*, No. 3:22-CV-0877-D, 2022 WL 2053169, at *3 (N.D. Tex. June 7, 2022), *motion for relief from judgment denied*, No. 3:22-CV-0877-D, 2022 WL 17168356 (N.D. Tex. Nov. 21, 2022) (quoting *Guevara v. United States*, No. 3:20-CV-0022-D, 2020 WL 1529005, at *3 (N.D. Tex. Mar. 31, 2020)).

Ferrer's claims are in the same procedural situation as the FTCA claims asserted in *Walker*. 2022 WL 2053169, at *3.[2] The Court reaches the same result as in *Walker*—dismissal of the FTCA claims due to lack of subject-matter jurisdiction. 2022 WL 2053169, at *3; *see Lopez*, 749 F.3d at 350. After removal of Ferrer's FTCA claims from state court, this Court did "not acquire jurisdiction" over those claims. *Lopez*, 749 F.3d at 350; *see* 28 U.S.C. §1442; *Lopez*, 749 F.3d at 350; *Walker*, 2022 WL 2053169, at *3. Consequently, the Court concludes that it lacks subject-matter jurisdiction over Ferrer's FTCA claims. The Court GRANTS the government's Motion to Dismiss Ferrer's FTCA claims.

---

[2] In both *Walker* and this case, the respective plaintiffs originally asserted the FTCA claims in a state district court.

## IV. CONCLUSION

For the reasons enumerated above, Plaintiff Ferrer's claims are **DISMISSED** without prejudice.[3] The Court shall follow with a final judgment. Fed. R. Civ. P. 54; Fed. R. Civ. P. 58.

**SO ORDERED:** 28th day of August, 2024.

                                                                                  Ada Brown
                                                                                  UNITED STATES DISTRICT JUDGE

---

[3] The Court agrees with the *Walker* court's explanation for dismissal without prejudice:

> When a district court lacks jurisdiction over a plaintiff's action under the FTCA, it is "without authority to dismiss the claims with prejudice because '[a] dismissal with prejudice is a final judgment on the merits' of a case." Campos v. United States, 888 F.3d 724, 738 (5th Cir. 2018) (alteration in original) (quoting Brooks v. Raymond Dugat Co., 336 F.3d 360, 362 (5th Cir. 2003)) (dismissing FTCA claim without prejudice for lack of subject matter jurisdiction after holding that sovereign immunity had not been waived); *see also* Nevarez Law Firm, P.C. v. Dona Ana Title Co., 708 Fed. Appx. 186, 187 (5th Cir. 2018) (per curiam) ("[T]o dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it." (citation omitted)). Accordingly, the court concludes that Walker's actions against the IRS and Byrd should be dismissed without prejudice.

*Walker v. Criminal Investigation Unit/Dallas Field Office IRS*, No. 3:22-CV-0877-D, 2022 WL 2053169, at *4 (N.D. Tex. June 7, 2022), *motion for relief from judgment denied*, No. 3:22-CV-0877-D, 2022 WL 17168356 (N.D. Tex. Nov. 21, 2022).